UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MARROWBONE,<br><br>Defendant. | 3:14-CR-30071-RAL<br><br><br>OPINION AND ORDER DENYING<br>DEFENDANT'S MOTION TO DISMISS |

The Government charged David Marrowbone with one count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). Doc. 1. Marrowbone, through counsel, filed a motion to dismiss indictment for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B) and briefs in support of that motion. Docs. 27, 28, 32. Marrowbone argued that the indictment must be dismissed because SORNA, enacted well after his 1982 conviction for assault with intent to commit rape, does not contemplate a registration requirement for that offense, or alternatively, the time during which Marrowbone would need to register has expired. Docs. 28, 32. The Government opposed the motion and filed a brief supporting its position. Doc. 31. This Court denied Marrowbone's motion but requested supplemental briefing on whether the court or the jury should determine Marrowbone's sex offender tier level, which affects his registration requirement duration under SORNA. Doc. 33. Both parties responded with supplemental briefs, Docs. 37, 38, 39, and

Marrowbone renewed his motion to dismiss, Doc. 37. For the reasons set forth below, the Defendant's renewed motion to dismiss is denied.

## I. STANDARD ON MOTION TO DISMISS INDICTMENT

When ruling on a motion to dismiss, a court must accept all factual allegations in the indictment as true. See United States v. Sampson, 371 U.S. 75 (1962). A valid indictment must allege that "the defendant performed acts which, if proven, constitute the violation of law for which he is charged." United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). If an indictment fails to allege acts that constitute a violation of law, then it may be dismissed. Id. An indictment adequately states an offense if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002). This is a low bar, and an indictment will normally be found valid unless it is so defective that no reasonable construction of it properly charges the offense for which the defendant is being tried. See id. at 821. Normally, an indictment that tracks the statutory language is sufficient. Id.

The Government charged that Marrowbone failed to register or update his registration as required by federal law. Federal law requires that:

> Whoever—
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law . . . ;
> . . . and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

2

18 U.S.C. §2250(a). The indictment in turn alleged:

> On or between the 3rd day of February, 2014, and the 13th day of March, 2014, in the District of South Dakota, the defendant, David Marrowbone, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under Federal Law, did knowingly fail to register and update a registration, in violation of 18 U.S.C. § 2250(a).

Doc. 1.

Although terse, the wording of the indictment tracks the three elements of the offense. First, it alleges that Marrowbone is required to "register under the Sex Offender Registration and Notification Act," invoking § 2250(a)(1). Next, it alleges that Marrowbone is a "sex offender by reason of a conviction under Federal Law," which is required by § 2250(a)(2). Third, it alleges that Marrowbone "knowingly fail[ed] to register and update a registration," which tracks the language of § 2250(a)(3). The indictment also alleges a narrow timeframe in which Marrowbone allegedly failed to register, which provides sufficient notice for him to plead a prior conviction or acquittal of the alleged offense. On its face, the indictment is valid.

A facially valid indictment ordinarily will survive a motion to dismiss for failure to state an offense without further inquiry. A court cannot dismiss an indictment based on "predictions as to what the trial evidence will be;" instead it must give the Government the opportunity to present its evidence. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir. 2000)). However, when certain dispositive facts are undisputed, a court may consider that evidence and entertain a pretrial motion to dismiss. United States v. Lafferty, 608 F. Supp. 2d 1131, 1137 (D.S.D. 2009); see also United States v. Hall, 20 F.3d 1084, 1087–88 (10th Cir. 1994) (holding pretrial dismissal of a criminal case by a trial court may be appropriate when undisputed facts establish as a matter of law that the Government is incapable of proving its case).

In this case, both parties agree that the underlying criminal offense alleged to trigger Marrowbone's responsibility to register is a 1982 federal conviction for assault with intent to commit rape in violation of the version of 18 U.S.C. § 113(a) that was in force at the time.[1] Doc. 28 at 3; Doc. 31 at 3. This Court determined in its Opinion and Order Denying Defendant's Motion to Dismiss that the crime of assault with intent to commit rape is a sex offense that triggers SORNA's registration requirement. Doc. 33. The issues then become whether assault with intent to commit rape is a sex offense that requires registration for life or for some lesser period of years and whether that determination is for the court or a jury to make.

## II. AUTHORITY TO DETERMINE SORNA TIER LEVEL

Only a sex offender who "is required to register under [SORNA]" is subject to criminal punishment under federal law. 18 U.S.C. § 2250. A sex offender is required to maintain registration for the entire duration of his or her "registration period." 18 U.S.C. § 2250(a)(3); 42 U.S.C. §§ 16913(a), 16915. The registration period for a sex offender is primarily determined by the sex offender tier level within which he or she falls. 42 U.S.C. § 16915.[2] "The full registration period is[:] (1) 15 years, if the offender is a tier I sex offender; (2) 25 years, if the offender is a tier II sex offender; and (3) the life of the offender if the offender is a tier III sex offender." 42 U.S.C. § 16915(a). The statute defines a tier III sex offender as:

> [A] sex offender whose offense is punishable by imprisonment for more than 1 year and—
> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
> (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or
> (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years;

---

[1] Assault with intent to commit rape is no longer included in 18 U.S.C. § 113.
[2] A sex offender who meets certain requirements may petition for a reduction of his or her registration period under 42 U.S.C. § 16915(b), but that provision is not at issue in this case.

4

> (B) involved kidnapping of a minor (unless committed by a parent or guardian); or
> (C) occurs after the offender becomes a tier II sex offender.

42 U.S.C. § 16911(4). A tier II sex offender is a sex offender who is not a tier III sex offender but who commits a felony sex offense that is "comparable to or more severe than" certain federal sex offenses against minor victims, or a sex offender whose felony sex offense occurs after he or she is a tier I sex offender. Id. § 16911(3). A tier I sex offender is any sex offender who is not a tier II or tier III sex offender. Id. § 16911(2).

This Court expressed reluctance in its previous opinion and order denying dismissal, Doc. 33, to determine what sex offender tier a person convicted of assault with intent to commit rape falls within because the language "comparable to or more severe than" arguably could be interpreted as requiring a fact and value judgment within the province of a jury. Doc. 33 at 11–13. Generally, statutory interpretation is a question of law that is to be determined by the court, see Bollenbach v. United States, 326 U.S. 607, 612 (1946), and other courts have determined an offender's tier level as a matter of law using the categorical statutory interpretation technique to determine whether a conviction of assault with intent to rape is a sex offense, United States v. Cabrera-Gutierrez, 756 F.3d 1125, 1133–34 (9th Cir.), cert. denied, 135 S. Ct. 124 (2014); United States v. Backus, 550 F. App'x 260, 262 (6th Cir.), cert. denied, 134 S. Ct. 2153 (2014); United States v. Taylor, 644 F.3d 573, 576–77 (7th Cir. 2011); United States v. Black, 963 F. Supp. 2d 790, 793–96 (E.D. Tenn. 2013). However, other than in Black, the procedural postures of those cases were significantly different than Marrowbone's case. In Cabrera-Gutierrez, Backus, and Taylor, the courts were determining the sex offender tier in order to properly apply sentencing guidelines after the defendants' guilty pleas had been accepted. Only the district court in Black addressed the sex offender tier determination on a motion to dismiss. The district

court in <u>Black</u> referred to the National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030 (July 2, 2008) [hereinafter SMART Guidelines], on the issue of whether to classify a prior crime as a tier II or tier III offense: "[J]urisdictions generally may premise the determination on the elements of the offense, and are not required to look to underlying conduct that is not reflected in the offense of conviction." <u>Black</u>, 963 F. Supp. 2d at 795 (quoting SMART Guidelines, 73 Fed. Reg. at 38053). The district court in <u>Black</u> then determined that the defendant was a tier II offender by comparing the elements of the defendant's underlying offense with the elements of SORNA tier II sex offenses and thereby denied the motion to dismiss. <u>Id.</u> at 795–96, 798.

Marrowbone has the right to demand that a jury make a determination on every element of the offense the Government claims he committed. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000); <u>United States v. Gaudin</u>, 515 U.S. 506, 511 (1995). For failure to register or update a registration, one of the essential elements of the offense is that the defendant was required to register under SORNA, 18 U.S.C. § 2250(a), which involves determining the duration of a sex offender's required registration period, 42 U.S.C. § 16915. The "comparable or more severe than" language in the tier II and tier III classification provisions bears some similarity to other statutory elements of crimes requiring a jury determination. <u>See, e.g.</u>, <u>Gaudin</u>, 515 U.S. at 522–23 (holding a defendant has a constitutional right for a jury determination of whether a false statement was "materially false" in violation of 18 U.S.C. § 1001); <u>United States v. Bamberg</u>, 478 F.3d 934, 938 (8th Cir. 2007) (finding evidence was sufficient for a jury to determine analogue drug was "substantially similar" to a controlled substance based on number of statutory considerations in 21 U.S.C. § 802(32)); <u>United States v. Johnson</u>, 718 F.2d 1317, 1322–23 (5th Cir. 1983) (reversing a court determination that a gold certificate was a "security" under 18

U.S.C. § 2314 because a jury must make that determination). Thus, this Court requested supplemental briefing on the issue of whether Marrowbone's SORNA tier classification was for the court or jury to decide.

Both the Government and Marrowbone agreed in supplemental briefing that the tier determination of a sex offender is for a court, not a jury, to decide. Docs. 37, 38, 39. Ultimately, this Court agrees with the parties. Determining a sex offender tier classification requires comparing the defendant's sex offense with benchmark offenses. See 42 U.S.C. §§ 16911(3)–(4). None of the cases cited above—Apprendi, Gaudin, Bamberg, or Johnson—involved comparing elements of one statute against another statute. The language in SORNA suggesting that the sex offender tier determination involves a value judgment is not strong enough to overcome the general rule that statutory interpretation is the court's duty. Moreover, in failure to register cases under SORNA, the details of the underlying sex offense typically are inadmissible and more unfairly prejudicial than probative of any issue. To determine a sex offender tier under SORNA, a jury would have to hear about the elements of the underlying offense of conviction, and thereby learn of the nature of the underlying sex offense, which could unfairly prejudice the jury. Judicial efficiency is promoted through the court determining the SORNA tier because a court is more familiar with the benchmark offenses and because details of the elements and circumstances of the underlying sex offense then need not be aired in front of the jury.

There are other reasons why the value-judgment language in SORNA should not be read to assign the tier determination to juries. SORNA is atypical in that it is both a criminal and regulatory statute. It not only defines the federal crime at issue in this case, but also creates a framework for implementing federally mandated minimum standards for sex offender registries in individual jurisdictions across the United States (states, territories, and federal Indian

reservations). See 42 U.S.C. § 16913 (requiring sex offenders to register in specified jurisdiction); Id. § 16912(a) (requiring jurisdictions to maintain a sex offender registry that complies with the requirements of SORNA); Id. § 16912(b) (directing the Attorney General to promulgate guidelines for interpretation and implementation of SORNA). The sex offender tier definitions apply to the entire act; they not only provide notice to sex offenders of the duration of their federal obligation to register, but also instruct state legislatures (and other jurisdictional legislative bodies) how to weigh and classify their state offenses for the purpose of creating state registries that satisfy SORNA's requirements. Defendants accused of the federal crime of failing to register under 18 U.S.C. § 2250 are entitled to a bright line, consistently drawn by the courts through reasoned opinions, to determine the tier level of a particular sex offense so they may have clear notice of the duration of their registration obligations. Leaving the comparison of offenses to the jury could result in inconsistent tier classifications for similarly situated defendants.

### III.   MARROWBONE'S SEX OFFENDER TIER LEVEL

The Government argued that Marrowbone's conviction of assault with intent to commit rape makes him a tier III sex offender while Marrowbone asserted that he is a tier I or at most a tier II sex offender. The definition of a tier III sex offender includes a sex offender whose offense was punishable by more than a year and "is comparable to or more severe than," among other offenses, the commission of—or *attempt* to commit—"aggravated sexual abuse (as described in 18 U.S.C. § 2241)." 42 U.S.C. § 16911(4). The crime of assault with intent to commit rape meets the first requirement because it was punishable by up to twenty years of imprisonment at the time of the alleged underlying offense. 18 U.S.C. § 113 (1982).

8

Assault with intent to commit rape is also comparable to the tier III offense of attempt to commit aggravated sexual abuse by force or threat as described in 18 U.S.C. § 2241(a). This Court has determined that the crime of assault with intent to commit rape is, in substance, attempted rape. Doc. 33 at 7. Rape, as defined by federal law in 1982 at the time of Marrowbone's underlying sex offense, required inducing another to engage in sexual intercourse through the use of force without his or her consent. Williams v. United States, 327 U.S. 711, 715 (1946). The crime of aggravated sexual abuse by force or threat involves inducing another person to engage in "sexual act" by the use of force, or "by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a). Sexual intercourse is a "sexual act" that would meet the requirements of aggravated sexual abuse. 18 U.S.C. § 2246(2) (defining "sexual act," in pertinent part as "contact between the penis and the vulva or the penis and the anus"). The use of force to effectuate sexual intercourse without the consent of a victim would meet the use or threat of force element of aggravated sexual abuse by force. Id. § 2241(a). In short, a person convicted of rape in 1982 has necessarily been found to have committed conduct which would satisfy all elements of aggravated sexual abuse by force or threat under current law. Therefore, assault with intent to commit rape—an attempted rape—is an offense "comparable to or more severe than" an attempt to commit aggravated sexual abuse as described in 18 U.S.C. § 2241. See 42 U.S.C. § 16911(4). A person like Marrowbone convicted of assault with intent to commit rape thus is a tier III sex offender under SORNA, as would be a person convicted of attempt to commit aggravated sexual abuse. Id.

This conclusion is supported by the legislative history of 18 U.S.C. § 113 and Chapters 99 and 109A of Title 18. Congress repealed Chapter 99 of Title 18 (in which the federal crime

9

of rape was codified) and the crime of assault with intent to commit rape in the very same act through which it created Chapter 109A of Title 18, which includes the crime of aggravated sexual abuse. Sexual Abuse Act of 1986, P.L. 99-646, § 87, 100 Stat. 3592, 3620–23. Congress could not have intended to decriminalize rape or assault with intent to commit rape. Rather, the repeal of Chapter 99 and the crime of assault with intent to commit rape stemmed from enacting the more comprehensive statute in Chapter 109A, which as explained above, criminalized the same conduct and which under the SORNA regulatory scheme is a tier III offense.

A tier III sex offender must register for the rest of his or her life unless the registration period is reduced for maintaining a clean record. 42 U.S.C. § 16915. Marrowbone does not claim that his registration period was reduced. Based on the 1982 conviction of assault with intent to commit rape, Marrowbone was required to register under SORNA at the time he allegedly went unregistered.

## IV. CONCLUSION

Therefore, for the reasons explained above, it is hereby:

ORDERED that Defendant Marrowbone's renewed Motion to Dismiss Indictment, Doc. 37, for failure to state an offense is denied.

DATED this 2nd day of March, 2015.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE